USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARLOS LUGO,

                              Petitioner,                       12 Civ. 7336 (PKC)

            -against-                                 MEMORANDUM
                                                         AND ORDER

EKPE D. EKPE, Superintendent, Watertown
Correctional Facility,

                              Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Following a jury trial in the New York Supreme Court, New York County, petitioner Carlos Lugo was convicted of Burglary in the First Degree, N.Y. Penal Law § 140.30(3), and sentenced to a determinate prison term of seven years, followed by five years of post-release supervision. On February 22, 2011, the Appellate Division, First Department, affirmed the judgment of conviction, and, on July 7, 2011, the New York Court of Appeals denied leave to appeal. People v. Lugo, 81 A.D.3d 532 (1st Dep't), lv. denied, 17 N.Y.3d 807 (2011). On September 28, 2012, petitioner filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has been released from prison and is now under post-release supervision.

        Liberally construed, the petition attacks petitioner's burglary conviction on four grounds: (1) use at trial of petitioner's coerced statement; (2) use of evidence obtained as a result of an unlawful arrest; (3) insufficiency of the evidence; and (4) ineffective assistance of counsel. Respondent concedes that the petition is timely but argues that, with the exception of the legal-sufficiency challenge, petitioner failed to raise the arguments presented here in the prior state-

court proceedings and that they may not be raised for the first time in this federal habeas proceeding. Respondent also contends that petitioner's arguments fail on the merits.

For the reasons stated below, the petition is denied.

## DISCUSSION

I. Exhaustion And Procedural Default

Under 28 U.S.C. § 2254, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that" either "the applicant has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). However, "[e]ven if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law." Ramirez v. Attorney Gen. of State of New York, 280 F.3d 87, 94 (2d Cir. 2001) (citing Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991)). "Review of a procedurally barred claim in a federal court will, however, be subject to the cause and prejudice standard before reaching the merits." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). As explained below, with the exception of petitioner's argument regarding the sufficiency of the evidence, the arguments presented here were not raised on petitioner's direct appeal from his state-court conviction and, under state law, petitioner is now procedurally barred from raising those arguments in state court. Because petitioner has not shown cause for his procedural default in state court, those arguments may not be raised in this federal habeas proceeding.

Following trial, petitioner, represented by new counsel, appealed his conviction to the Appellate Division, First Department. Petitioner's briefs on appeal stated four grounds for

overturning his conviction. (Steward Decl. Exs. A, C.) First, petitioner argued that the People failed to put forward legally sufficient evidence or, in the alternative, that the verdict was against the weight of the evidence. Second, petitioner challenged the trial court's refusal to submit to the jury the charge of second-degree criminal trespass as a lesser included offense. Third, petitioner challenged the adequacy of the trial court's response to the jury's request for a supplemental instruction regarding a point of law. And, fourth, petitioner argued that the prosecutor committed errors, including repeatedly referencing facts not in evidence, that deprived petitioner of a fair trial. Petitioner did not challenge the introduction of his statement at trial, the use of evidence obtained pursuant to his arrest, or the effectiveness of his trial counsel. In seeking leave to appeal to the Court of Appeals, petitioner, still represented by counsel, presented only three arguments: (1) that the trial court erred in failing to charge the jury as to a lesser included offense; (2) that petitioner's purportedly unintentional entry into the dwelling did not constitute burglary; and (3) that the prosecution's summation was improper. (Steward Decl. Ex. E.) Thus, with the exception of the legal-sufficiency argument, none of the arguments now raised by petitioner was raised in petitioner's direct appeal from his state-court conviction.

      Because each of these grounds is based on facts in the record at the time of petitioner's direct appeal, petitioner's failure to raise these arguments in his direct appeal forecloses a second appeal or collateral attack on his conviction in state court on these grounds. N.Y. Crim. Proc. Law §§ 440.10(2)(c), 460.20; 22 N.Y.C.R.R. § 500.20; see Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2d Cir. 2000) ("New York permits only one application for direct review, and having failed to raise the claim on direct appeal Spence may not seek collateral relief in New York courts." (citations omitted)).

Under these circumstances, "petitioner's forfeiture in state court of his . . . claims bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom." Grey, 933 F.2d at 121. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Id. at 486. Petitioner attempts no explanation for his counsel's procedural default and he has therefore made no showing of cause to excuse that default. Notably, there is no indication that petitioner's appellate counsel was constitutionally ineffective in failing pursue these arguments on petitioner's direct appeal. See id. at 488. Nor has petitioner offered new evidence of his actual innocence as a gateway to federal habeas review of his procedurally defaulted claims. See House v. Bell, 547 U.S. 518 (2006). Accordingly, the petition, insofar as it relies on arguments other than the insufficiency of the evidence, is denied.

II. Sufficiency Of The Evidence

The Court now turns to petitioner's challenge to the sufficiency of the evidence, the only argument properly before this Court. The relevant portion of the petition states that "there is no proof that defendant entered any dwelling and in fact the trial itself proves that defendant did not burglarize anybody, yet was somehow found guilty of burglary." (Dk. No. 2 at 5.) The Court construes the pro se petition liberally as raising a constitutional challenge to the sufficiency of the evidence under Jackson v. Virginia, 443 U.S. 307 (1979), as was raised by

4

petitioner's counsel in his appeal to the First Department.[1] As explained below, under the "twice-deferential standard" articulated by Congress and the Supreme Court, Parker v. Matthews, 132 S. Ct. 2148, 2152 (2012) (per curiam), petitioner has not made a showing sufficient to grant habeas relief.

In Jackson, the Supreme Court held that, because the Constitution requires proof of guilt beyond a reasonable doubt in a criminal case, a petitioner challenging his state criminal conviction under 28 U.S.C. § 2254 "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324. In reviewing the record of a state-court conviction, "a federal habeas court is required to consider the trial evidence in the light most favorable to the State . . . . This means that [the Court] must credit every inference that could have been drawn in the State's favor, whether the evidence being reviewed is direct or circumstantial." Reddy v. Coombe, 846 F.2d 866, 869 (2d Cir. 1988) (citations omitted). Furthermore, where a legal-sufficiency challenge has previously been adjudicated in state court, the Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal habeas court show deference to that prior determination, denying the petition "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, "a federal court

---

[1] Petitioner's alternative argument before the First Department that his conviction was against the weight of the evidence is a state-law ground for relief that does not present a basis for federal habeas review. 28 U.S.C. § 2254(a); see generally People v. Danielson, 9 N.Y.3d 342, 348 (2007) (discussing N.Y. Crim. Proc. Law § 470.15(5)).

may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) (per curiam) (quoting Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)).

"[F]ederal courts must look to state law for the substantive elements of the criminal offense." Coleman v. Johnson, 132 S. Ct. 2060, 2064 (2012) (per curiam) (citation and quotation marks omitted). Here, petitioner was convicted of Burglary in the First Degree under N.Y. Penal Law § 140.30(3):

> A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime . . . [u]ses or threatens the immediate use of a dangerous instrument . . . .

Id. "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." N.Y. Penal Law § 140.00(5). "In general, a person is licensed or privileged to enter private premises when he has obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent." People v. Graves, 76 N.Y.2d 16, 20 (1990) (citations and quotation marks omitted).

At trial, the People's first and principal witness was Zenon Ramos (Tr. 286.), who testified that he regularly visited his sister-in-law, Cruz Maria Sanchez, and her two children, Rafelito and Demarie, at the dwelling in question, 961 St. Nicholas Ave, Apt. 2F, Manhattan, New York (the "Apartment"). Ramos testified as to the events on the night of the charged burglary, April 20, 2006, as follows. At approximately 8:15 p.m., Ramos was in the Apartment with his sister-in-law and his niece when he heard screaming outside the apartment. (Tr. 292-

293.) Upon exiting the Apartment and walking down the hall he saw petitioner, accompanied by three other individuals, "attacking" his nephew, Rafelito. (Tr. 293-294.) Petitioner, holding a knife, had Rafelito backed up against the wall and screamed at him, "You got to respect me! You don't respect me, I'm going to deal with you!" (Tr. 296.) Ramos inserted himself between petitioner and Rafelito. (Id.) Petitioner then "started trying to stab [Rafelito]" and the trio—Rafelito, Ramos, and petitioner—moved backwards towards the entrance to the Apartment with the three other individuals following behind. (Tr. 296-297.) Petitioner attempted to stab Rafelito "about a hundred times" but Ramos prevented him from doing so. (Tr. 297-300.) When Rafelito, Ramos, and petitioner reached the door to the Apartment, petitioner "tried to jump over the top of [Ramos] to get Rafelito," at which point the door to the Apartment "pop[ped] open." (Tr. 301.) Rafelito fell to the floor of the Apartment and petitioner tried to stab him in the neck, but Ramos intervened and was himself stabbed in his left arm. (Tr. 301-303.) Ramos' sister-in-law and niece exited the Apartment through a window; petitioner, hearing sirens, exited the Apartment through the doorway. (Tr. 305-307.) Before leaving, petitioner pointed at Ramos and Rafelito and said, "This is not over! I'm going to get you! . . . This is not over! It's not finished! I'm still going to deal with you!" (Tr. 306-307.)

      The People next called Cruz Maria Sanchez, who was present inside the Apartment and corroborated Ramos' account of the events on April 20, 2006. (Tr. 344.) The People also called Mitchell Atiles (Tr. 398), a police officer who responded to the Apartment on the night in question, and Conrad Perry (Tr. 409), the detective who arrested petitioner on May 4, 2006.

      Detective Perry testified that on May 4, 2006, after reading petitioner his Miranda rights, and after petitioner waived his rights to remain silent and consult with an attorney, Perry

7

took down, in his own handwriting, a statement by petitioner concerning the events of April 20, 2006. (Tr. 412-415.) The statement, not signed by petitioner, was received into evidence and read on the record. (Tr. 416-418.) According to the statement, petitioner, who had been "drinking all day" and was "a bit tipsy," went in search of Rafelito on April 20, 2006, because Rafelito owed petitioner twenty dollars. (Tr. 417.) The statement continues:

> I got to his building . . . and he ran inside. I went in after him, and he went to his door.
>
> I saw that he had a knife, so I broke the bottle in hand to swing at him.
>
> He . . . started trying to cut me, so I swung back at him.
>
> Some people there got in to try and break it up. I don't know whether I hit them or not.
>
> When he . . . got up from the floor, I ran out of the building and went to my block."

(Tr. 418.) Finally, the parties stipulated that on April 20, 2006, "Rafelito Sanchez stabbed the defendant several times with a knife." (Tr. 428-429.) Petitioner called no witnesses. The jury returned a verdict of guilty on the third count of the indictment, first-degree burglary, and a verdict of not guilty on each of the other three counts, including second-degree assault. (Tr. 543-544.)[2]

On appeal to the First Department, petitioner argued, among other things, that there was insufficient evidence to support his first-degree burglary conviction. Specifically, petitioner argued that the evidence was insufficient to show that his entry into the apartment building was unlawful or that he entered either the apartment building or the Apartment with the

---

[2] The People also called Rafelito Sanchez, who refused to answer questions. (Tr. 388-394.)

intent to commit a crime. (Steward Decl. Ex. A.) The First Department unanimously affirmed petitioner's conviction, holding that "[t]he verdict was based on legally sufficient evidence and was not against the weight of the evidence." Lugo, 81 A.D.3d at 532. It discerned "no basis for disturbing the jury's credibility determinations." Id. Addressing petitioner's argument that "the evidence shows he unintentionally entered an apartment while lunging at another person," the court stated, "the evidence warrants the conclusion that, acting with a continuing intent to commit the crime of assault, defendant deliberately entered the apartment in pursuit of his intended victim." Id.

Viewing the evidence presented at trial in the light most favorable to the prosecution, the Court cannot say that no reasonable jury could have found petitioner guilty of first-degree burglary beyond a reasonable doubt. The jury was entitled to credit the testimony of Ramos, a first-hand witness, that petitioner violently attacked Rafelito with a knife and pursued him down the hallway and through the Apartment's doorway. And it was a fair inference, given the evidence, that petitioner intended to commit the crime of assault before, during, and after he entered the Apartment without license to do so. Indeed, petitioner's own statement to the police, as memorialized by Detective Perry, indicated that Rafelito owed petitioner money, and petitioner's statements both outside and inside the Apartment, as recounted by Ramos, could fairly be taken as expressing the intent to harm Rafelito. These facts also support the inference that petitioner's entry into the Apartment in pursuit of Rafelito was volitional, not accidental. There is no basis in the record for holding that the conclusion reached by the First Department was "objectively unreasonable" in any respect. Cavazos, 132 S. Ct. at 4 (citation and quotation marks omitted). Thus, insofar as the petition argues that petitioner's conviction was not supported by sufficient evidence, the petition is denied.

9

## CONCLUSION

For the reasons stated, the petition is denied. Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17, abrogated on other ground by United States v. Perez, 129 F.3d 255 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 441 (1962).

The Clerk is directed to close this case and to send petitioner appeal instructions.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        July 15, 2013